**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| JOHN VICINO, | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| v. | ) |
| BAY AREA CREDIT SERVICE LLC fka TRUELOGIC FINANCIAL CORPORATION, a California Limited Liability Company; LAW OFFICES OF MITCHELL N. KAY, P.C., a New York Professional Corporation, | ) |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692, and 15 U.S.C. §1681.

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter the "FDCPA") and Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter the "FCRA").

## VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4. Plaintiff, John Vicino, is a natural person who resides in the City of Littleton, County of Arapahoe, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and 15 U.S.C. §1681a(a).

6. Defendant, Bay Area Credit Service LLC, is a California Limited Liability Company formerly known as TrueLogic Financial Corporation operating from an address at 97 E. Brokaw Road suite 240, San Jose, CA 95112.

7. Defendant, Law Offices of Mitchell N. Kay, P.C., is a New York Professional Corporation operating from an address at 7 Penn Plaza, New York, New York, 10116.

8. The Defendants are "debt collectors" as the term is defined by 15 U.S.C. §1692a(6).

9. The Defendants are "users" and "furnishers" of credit information as discussed in the FCRA.

10. Defendants are licensed as collection agencies by the state of Colorado.

11. The principal purpose of the Defendants is the collection of debts using mail and telephone, and the Defendants regularly attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

12. Sometime before December 2006 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

13. The Account is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. The Account went into default with the original creditor sometime in 1986.

15. On or about June 16, 1986, the Plaintiff filed a Chapter 7 bankruptcy in the U.S. Bankruptcy Court, District of Colorado, case number 86 B 05316.

16. The Plaintiff listed the Account as a debt owed under Schedule A-3 of his bankruptcy.

17. On or about December 19, 1986, the Plaintiff obtained a discharge of his debts, including the Account, through bankruptcy. (A true and correct copy of Plaintiff's December 19, 1986 bankruptcy discharge is attached hereto as Exhibit A and is incorporated herein by reference.)

18. On information and belief, sometime after the Plaintiff had obtained a discharge of his debts in bankruptcy, the Account was assigned, placed or otherwise transferred to the Defendants for collection from the Plaintiff.

19. On information and belief, Defendants bought and / or sold discharged "stat off" debt with the knowledge that Plaintiff had obtained a discharge through bankruptcy.

## DEFENDANTS

20. In the year prior to the filing of the instant action the Plaintiff received telephone calls and mailings from representatives, employees, and / or agents of the Defendants who were attempting to collect the Account.  These telephone calls and mailings each individually constituted a "communication" as defined by FDCPA §1692a(2).  (True and correct copies of Bay Area Credit Service LLC fka TrueLogic Financial Corporation and the Law Offices of Mitchell N. Kay, P.C.'s communications are attached hereto as Exhibits B and C respectively, and are incorporated herein by reference.) (A true and correct transcription of the Law Offices of Mitchell N. Kay, P.C.'s February 28, 2008, telephonic communication is attached hereto as Exhibit D, and is incorporated herein by reference.)

21. During the telephone calls and within the mailings, representatives, employees, and / or agents of the Defendants attempted to collect on the Account, notwithstanding the fact that the Account had been discharged through bankruptcy and that the amounts allegedly due

under the Account were in excess of 20 years in the past. These statements and actions constitute violations of the FDCPA including but not limited to §1692d preface, §1692e preface, e(2)(A), §1692f preface, and f(1).

22. The statements and actions were undertaken by the Defendants and their representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

23. The Defendants and their representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA §1692e preface, e(2)(A), and e(10).

24. The Defendants and their representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA §1692f preface, and f(1).

25. The Defendants' statements and actions as well as those of their representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

26. The Defendants statements and actions as well as those of their representatives, employees and / or agents were willful and intentional violations of the FDCPA.

27. On information and belief, in the year prior to the filing of the instant action the Defendant Bay Area Credit Service LLC contacted various consumer reporting agencies and obtained Plaintiff's credit reports in connection with its attempt to collect on the Account. Defendant Bay Area Credit Service LLC obtained said credit reports under false pretense and / or

knowingly without a permissible purpose enumerated in FCRA 1681b and / or negligently in violation of the FCRA as discussed in FCRA §§1681n(a) and 1681o(a).

28. At the time Defendant Bay Area Credit Service LLC obtained Plaintiff's credit reports, Defendant was well aware that the Account was in excess of 20 years old, and knew or should have known that Plaintiff had discharged the Account in his 1986 bankruptcy and that Defendant had no permissible purpose in obtaining Plaintiff's credit report. (A true and correct copy of Plaintiff's April 12, 2007 correspondence to TrueLogic Financial Corporation notifying of the bankruptcy discharge is attached hereto as Exhibit E, and is incorporated herein by reference.)

29. As a consequence of the Defendants' collection activities and communications, the Plaintiff has incurred actual damages.

## RESPONDEAT SUPERIOR

30. The representatives and / or collectors at the Defendants were employees of and agents for the Defendants, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendants at all times mentioned herein.

31. The actions of the representatives and / or collectors at the Defendants are imputed to their employer, the Defendants.

32. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

33. The previous paragraphs are incorporated into this Count as if set forth in full.

34. The acts and omissions of the Defendants and their representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to §1692e preface, e(2)(A), and e(10) and §1692f preface, and f(1).

35. The Defendants' violations are multiple, willful and intentional.

36. Pursuant to FDCPA §1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00 per violation, reasonable attorney's fees and costs.

## COUNT II, FCRA VIOLATIONS

37. The previous paragraphs are incorporated into this Count as if set forth in full.

38. The acts and omissions of Defendant Bay Area Credit Service LLC and its representatives, employees and / or agents constitutes a violation of the FCRA, including but not limited to §1681b.

39. Pursuant to FCRA §1681n(a) and FCRA §1681o(a) the Plaintiff is entitled to actual damages, statutory damages, punitive damages, reasonable attorney's fees and costs against Defendant Bay Area Credit Service LLC.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. §1692k(a)(1), 15 U.S.C. §1681n(a)(1)(A), and 15 U.S.C. §1681o(a)(1);

2. Statutory damages under 15 U.S.C. §1692k(a)(2)(A) and 15 U.S.C. §1681n(a)(1)(B);

3. Punitive damages under 15 U.S.C. §1681n(2);

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. §1681n(a)(1)(B)(3) and 15 U.S.C. §1681o(a)(2);

5. Such other and further relief as the Court deems just and proper.

Dated: March 27, 2008                  Respectfully submitted,

<u>s/ Stephen E. Berken</u>
Stephen E. Berken, Esq.
Stephen S. Chang, Esq.
Law Offices of Stephen E. Berken
1159 Delaware Street
Denver, CO 80204
(303) 623-4357
Attorneys for the Plaintiff

Plaintiff's address: 11095 W. Half Moon Pass, Littleton, CO 80127